THE TRADESMEN'S BUILDING AND LOAN ASSOCIATION OF CAMDEN, N. J.,

*v.*

CHARLES THOMPSON and others.

A release of mortgaged premises to a person having no actual notice of the assignment of a mortgage is, by statute, valid if such assignment has not been recorded. But a cancellation of such mortgage by an attorney at law, under a supposed authority from the mortgagee (the evidence as to the mortgagee's direction was conflicting, and a

Tradesmen's Building &c. Ass'n v. Thompson.

mortgage which complainant claimed was to have been substituted for the original, was never delivered),—*Held*, to be invalid as having been unauthorized, and set aside.

Bill to foreclose.  On final hearing on pleadings and proofs.

*Mr. M. V. Bergen*, for complainants.

*Mr. J. M. Scovel*, for defendant.

The Chancellor.

The complainants allege that when they agreed to take their mortgage, it was upon the understanding with the mortgagors that two mortgages, one given to Wallace for $1,500 and interest, and the other to Franklin for $500 and interest, which were then upon the premises, should be cancelled, so that their mortgage should be the first.   The Wallace mortgage was paid off and cancelled, and the other was cancelled also, but was not paid off.  Another mortgage in favor of Franklin, for $500, was executed in its stead, and recorded after the complainants' mortgage.   The complainants' mortgage was for $2,200 and interest.   The Franklin mortgage had never been taken from the register's office from the time when it was left for record.   Franklin had, before the arrangement for the complainants' mortgage was made, assigned it as collateral security for a note of $400, to Isaac Jeanes & Co., of Philadelphia, but the assignment, which was in writing, was not recorded.   Neither the complainants nor the mortgagors had notice of the assignment.   The complainants say that the Franklin mortgage was cancelled, and the substitution for it made with Franklin's consent, but he positively and explicitly denies it.   Mr. Nicholls, the complainants' secretary (who acted in behalf of the mortgagors in obtaining the loan for the complainants), swears, however, that Franklin, in a conversation with

him in reference to the arrangement, said he was willing to do anything he could to help Mrs. Thompson (the owner of the property), and told him to tell Mr. Bergen, the complainants' attorney, to go to the register's office and get his (Franklin's) mortgage, and have it cancelled, and have the complainants' mortgage put on record, and then have another mortgage drawn for him, and have it placed on record. Mr. Bergen testifies that Franklin told him that the arrangement was to substitute another mortgage for his, the substituted mortgage to be recorded after the complainants' mortgage, and requested him to see that the mortgage to be given to him in lieu of the mortgage which was to be cancelled, was properly drawn and duly recorded. Mr. Bergen says Franklin proposed to arrange for the payment of the interest which had accrued on his mortgage in his dealings with Mrs. Thompson, one of the mortgagors, who was doing work for him. He also says that Franklin told him that his mortgage was at the register's office, and had never been taken away from there since it was left to be recorded, and that he would find it there, and told him to get it and cancel it. Franklin swears that he told Mr. Nicholls, when the latter asked him if he would consent to the cancellation of his mortgage, that he would have to see Isaac Jeanes (one of the assignees) about it. He explicitly denies that he consented to the cancellation, or knew of it, and denies that he said what Mr. Nicholls and Mr. Bergen say he did on the subject. He swears, also, that he did not think that Nicholls could cancel the mortgage unless he (Franklin) was present. He says, further, that he did not know that they proposed to cancel it. There appears to have been a misunderstanding between the parties to the transaction. Mr. Bergen went to the register's office and obtained the mortgage, and caused it to be cancelled.

The " act concerning mortgages " (*Rev.* 708 § *34*) provides that when any assignment of mortgage thereafter (the act was passed in 1853) made is not recorded as in the act

provided, payments made to the assignor in good faith, and without actual notice of the assignment, and any release of the mortgaged premises or any part thereof, to a person not having actual notice of the assignment, shall be as valid as if the mortgage had not been assigned. The complainants' counsel insists that the assignment, not having been recorded, the mortgagee could, therefore, if he saw fit to do so, discharge the premises from the mortgage, and such discharge is, as to the complainants, under the circumstances, valid as against the assignees, inasmuch as the complainants had no actual notice of the assignment. The act does not in terms apply to a cancellation of the mortgage, but to a release. A cancellation is, indeed, in effect, a release of the whole of the mortgaged premises from the mortgage. In this case not only was no release executed, but the mortgagee did not, in person, undertake to discharge the mortgage, nor did he give any written direction or authority to do so, and he swears he gave none at all, and did not consent to the cancellation. He never received the mortgage which was made in substitution. It was not offered to him until after this suit was brought. The cancellation must be held to have been wholly unauthorized, and it will be set aside accordingly. *Trenton Banking Co.* v. *Woodruff, 1 Gr. Ch. 117;  Harris* v. *Cook, 1 Stew, 345.*

The original Franklin mortgage will be held to be valid and prior to the complainants' mortgage.